GEORGE C. LIGARE

*v.*

THE CITY OF CHICAGO.

*Opinion filed November 1, 1897.*

PRACTICE—*re-instatement of cause remanded for trial—notice to adverse party.* Under section 83 of the Practice act, where a judgment has been reversed and the cause remanded, upon the filing of a copy of the remanding order in the trial court and the giving of ten days' notice to the adverse party or his attorney the court may order the case re-instated.

APPEAL from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

J. W. WAUGHOP, for appellant.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook county, wherein compensation was awarded appellant, on the petition of the city of Chicago, for certain lands taken for the opening of an alley between Twenty-ninth and Thirtieth streets and between South Park and Vernon avenues. The cause was before this court at the October term, 1895, when the judgment was reversed and the cause remanded, but the present record contains only such proceedings as were had from and after December 29, 1896.

It appears from the record that the cause was called for trial on January 4, 1897, a jury impaneled and trial had, resulting in a verdict and judgment for appellant. It is, however, contended by appellant that the court had no jurisdiction to try the cause, on the alleged ground that no petition was on file, as required by section 3, article 9, chapter 24, of the statute. We think the position of counsel is predicated upon a misapprehension of the record. Upon an examination of the record it will be found that on the 29th day of December, 1896, the

court entered an order vacating the former judgment, as required by the judgment of this court. The court also made an order vacating a former order granting leave to petitioner to amend its petition, and also made an order striking the amended petition from the files. Upon this condition of the record the appellant contends that there was no petition on file when the trial was had. There was no order striking the original petition from the files, and the presumption is that it remained on file and the trial was had and judgment entered on the original petition. Indeed, on the same day the amended petition was stricken from the files the court entered an order allowing the petition to be amended, and an amendment in writing to the original petition was filed. It thus appears, while a certain amended petition was stricken from the files the original petition was subsequently amended and a trial was had on that petition.

It is also claimed that the court erred in a trial of the cause on January 4, 1897, because sufficient notice had not been given that the cause would be re-instated at the time it was ordered re-docketed by the court. Where a judgment has been reversed and a cause remanded, upon filing the remanding order in the court where the cause was tried, under section 83 of the Practice act, (Hurd's Stat. p. 1022,) upon giving ten days' notice to the adverse party or his attorney the court may order the case re-instated. As we understand the record that course was pursued here. The record of the court,—and that is the only evidence bearing on the question,—is as follows: "On this day came the city of Chicago, the petitioner, * * * and it appearing to the court that the mandate of the Supreme Court * * * rendered on the 11th day of October, 1895, upon the appeal taken herein, has been duly filed in the office of the clerk of this court, and that the notice required by law has been duly given to the attorney for the defendant, Ligare, and the court being fully advised in the premises, it is considered and or-

dered by the court that this cause be and the same is hereby re-docketed and re-instated in this court." From this order it is plain that ten days' notice had been given before the cause was re-instated, and the requirements of the statute having been observed the cause was properly placed on the docket, and when reached on the trial calendar it was called in regular order and properly tried.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*